UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANNA BRAYNINA, individually and
on behalf of all others similarly
situated,

                 Plaintiff,
                                          MEMORANDUM & ORDER
            -against-                     14-CV-6402(JS)(AYS)

PROFESSIONAL CLAIMS BUREAU, INC.
and DOES 1 through 10, inclusive,

                 Defendants.
----------------------------------X
MIRIAM KLIEN, individually and
on behalf of all others similarly
situated,

                 Plaintiff,

            -against-                     14-CV-6690(JS)(AYS)

PROFESSIONAL CLAIMS BUREAU, INC.,

                 Defendant.
----------------------------------X
BASHIE LOWENBEIN and ESTHER DICK,
on behalf of themselves and all
other similarly situated consumers,

                 Plaintiff,

            -against-                     14-CV-6733(JS)(AYS)

PROFESSIONAL CLAIMS BUREAU, INC.,

                 Defendant.
----------------------------------X

```
---------------------------------X
```
RACHEL KLEIN, on behalf of herself
and all other similarly situated
consumers,

        Plaintiff,

        -against-               14-CV-7439(JS)(AYS)

PROFESSIONAL CLAIMS BUREAU, INC.,

        Defendant.
```
---------------------------------X
```
DEVORAH GOTTLIB, on behalf of herself
and all other similarly situated
consumers,

        Plaintiff,

        -against-               15-CV-0633(JS)(AYS)

PROFESSIONAL CLAIMS BUREAU, INC.,

        Defendant.
```
---------------------------------X
```
SHIMON GOTTLIEB, on behalf of
himself and all other similarly
situated consumers,

        Plaintiff,

        -against-               15-CV-0370(JS)(AYS)

PROFESSIONAL CLAIMS BUREAU, INC.,

        Defendant.
```
---------------------------------X
```
APPEARANCES
For Plaintiff
Braynina:        Christopher Marlborough, Esq.
              445 Broad Hollow Road, Suite 400
              Melville, NY 11747

For Plaintiff
Miriam Klein:            David Palace, Esq.
                        Law Offices of David Palace
                        383 Kingston Avenue, #113
                        Brooklyn, NY 11213

For Plaintiff
Rachel Klein:           Maxim Maximov, Esq.
                        Maxim Maximov, LLP
                        1701 Avenue P
                        Brooklyn, NY 11229

For Plaintiffs
Lowenbein, Dick,
and Gottlib, and
Gottlieb:               Adam Jon Fishbein, Esq.
                        483 Chestnut Street
                        Cedarhurst, NY 11516

For Defendant:          Arthur Sanders, Esq.
                        30 South Main Street
                        New City, NY 10956

SEYBERT, District Judge:

On October 29, 2014, plaintiff Anna Braynina commenced an action on behalf of herself and a putative class alleging that defendant Professional Claims Bureau, Inc. ("PCB") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., when it disclosed her account number through the clear plastic window of an envelope containing a debt collection letter. See Braynina v. Prof'l Claims Bureau, Inc., No. 14-CV-6402. Since the filing of Braynina, five subsequent lawsuits containing identical allegations and claims against PCB have been reassigned to the undersigned as related to Braynina. See Klein v. Prof'l Claims Bureau, Inc., No. 14-CV-6690; Lowenbein, et al. v. Prof'l

3

Claims, Inc., No. 14-CV-6733; Klein v. Prof'l Claims Bureau, Inc., No. 14-CV-7439; Gottlib v. Prof'l Claims Bureau, Inc., No. 15-CV-0633; Gottlieb v. Prof'l Claim Bureau, Inc., 15-CV-0633. In each case, with the exception of Gottlieb, PCB filed a letter requesting consolidation for purposes of discovery.[1] With the exception of the Lowenbein Plaintiffs, Plaintiffs have not objected to PCB's request. After considering the Lowenbein Plaintiffs' objection and reviewing the complaints in each of these cases, the Court finds that the cases should be consolidated, not only for discovery, but for all purposes.

DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. FED. R. CIV. P. 42(a). District courts have "broad discretion" in determining whether consolidation is appropriate, Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), and may consolidate actions under Rule 42(a) sua sponte, Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999). Rule 42(a) is an invaluable and economizing tool of judicial administration

---

[1] Based on a review of the docket in Gottlieb, it does not appear that PCB has been served with the Summons and Complaint yet.

4

and should be liberally employed "to expedite trial and eliminate unnecessary repetition and confusion." <u>Devlin</u>, 175 F.3d at 130. In exercising its discretion, a district court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues. <u>Johnson</u>, 899 F.2d at 1285.

Consolidation is appropriate here. To begin with, each plaintiff seeks to represent the same class of individuals, alleging an identical cause of action rooted in identical factual allegations against the same defendant. Each complaint alleges that PCB sent debt collection letters to consumers which disclosed each consumer's personal account number through the clear plastic window of the envelope containing the letter. Each case presents a single, common question of law, <u>i.e.</u>, whether this common conduct violates Section 1692f(8) of the FDCPA.

Additionally, consolidation of these cases promotes judicial economy, the gains of which outweigh any potential prejudice to the parties. Absent consolidation, the Court faces the possibility of six separate class actions brought on behalf of the same class against the same defendant involving a single, identical legal issue and overlapping evidence. This would lead to a substantial waste of judicial time and resources. Moreover, should these cases require trials, consolidation would avoid the risk of inconsistent verdicts concerning whether PCB violated the FDCPA. Although the <u>Lowenbein</u> Plaintiffs have filed a letter

objecting to consolidation, counsel has not articulated any reason why these cases should not be consolidated. Accordingly, the Court sua sponte consolidates these actions for all purposes pursuant to Rule 42(a).

Now that these cases have been consolidated, presumably, the various counsel for Plaintiffs will joust for class counsel appointment in the pre-certification stage. Federal Rule of Civil Procedure 23(g)(2)(A) provides for the designation of interim lead counsel in such a situation. See FED. R. CIV. P. 23(g)(2)(A) advisory committee notes. The appointment of interim lead counsel, among other things, clarifies responsibility for the protection of the interests of the putative class during pre-certification motions, discovery, and settlement activity. See Manual for Complex Litigation § 21.11 (4th ed. 2004). To the extent that counsel seeks appointment as interim lead counsel, any such application must be made within thirty (30) days of this Memorandum and Order. In making such an application, counsel should keep in mind that the Court considers the following factors: (a) the work counsel has done in identifying or investigating potential claims; (b) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the resources counsel will commit to representing the class. FED. R.

Civ. P. 23(g)(1)(A); <u>In re Municipal Derivatives Antitrust Litig.</u>, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).

<u>CONCLUSION</u>

For the foregoing reasons, the above-captioned actions are hereby consolidated for all purposes and shall be identified and maintained as one case under Docket Number 14-CV-6402. Any other actions now pending or hereafter filed in this District arising out of or related to the same facts alleged in the actions being consolidated shall be consolidated with this action for all purposes, if and when the Court is apprised of them. To the extent that counsel seeks appointment as interim lead counsel, any such application must be made within thirty (30) days of this Memorandum and Order.

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    June __30__, 2015
          Central Islip, NY